**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ROBERT KESSLER,<br><br>              Plaintiff,<br><br>     -vs-<br><br>EDWARD GARNEAU, FAYE GARNEAU,<br>and RNBK ENTERPRISES, INC.,<br>individually,<br><br>             Defendants. | Cause No. 2:21-cv-463<br><br><br>COMPLAINT FOR DECLARATORY AND<br>INJUNCTIVE RELIEF |

COMES NOW, Plaintiff, ROBERT KESSLER (hereinafter the "Plaintiff"), through

undersigned counsel, hereby files this Complaint and sues EDWARD GARNEAU and FAYE

GARNEAU, and RNBK ENTERPRISES, INC., (hereinafter, collectively the "Defendants"), for

injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert

Enabled Law Group<br>P.O. Box 18953<br>Spokane, WA 99228<br>(206) 445-3961

fees), pursuant to 42 U.S.C. §12181, et. seq., commonly referred to as the "AMERICANS WITH DISABILITIES ACT" or "ADA" and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA").  This Court is vested with jurisdiction under 28 U.S.C. §1331 and §1343.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that all events and procedures giving rise to this Complaint occurred in this judicial district.

3.      At the time of Plaintiff's personal visit to Defendants' public accommodation, prior to instituting the instant action, Robert Kessler (hereinafter referred to as "Plaintiff"), was a resident of the State of Washington, and suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility due to this disability. Plaintiff has an amputated leg. He is required to traverse with a wheelchair and is substantially limited to performing one or more major life activities including, but not limited to walking, standing and maneuvering.

4.      The Plaintiff personally visited, on or about November 30, 2020 Defendants' premises open to the public, but was denied full and equal access to, and full and equal enjoyment of the facilities, services, goods, privileges and accommodations offered to others without disabilities; because of his disability requirements.  Plaintiff lives in King County, Washington and travels in the surrounding areas near Defendants' facilities on a regular basis for shopping, dining and entertainment.

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

5.      Upon information and belief, EDWARD GARNEAU and FAYE GARNEAU, individuals, are the lessor and/or owner operator of the real property and/or premises that are the subject of this lawsuit, commonly referred to as CHEAPSKATES TOBACCO located at 9891 Aurora Avenue N., in Seattle, Washington.

6.      Upon information and belief, RNBK ENTERPRISES, INC. a Washington Corporation located at 9891 Aurora Avenue N., in Seattle, Washington is the lessee, operator and/or owner of the real property (the "Subject Facility"). Each Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR §36.201(a) and §36.104.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement all its requirements.  The effective date of the Title III of the ADA was January 26, 1992.  42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility and real property in this case is a place of public accommodation under the ADA in that they are establishments which provide goods and services to the public.

9.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith as of the date of the Plaintiff's visit.

10.      The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone remodeling, repairs and/or alterations since

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

January 26, 1990 and more specifically on or after March 15, 2012 as it pertains to 28 C.F.R. §

36.406.

11.     Defendants have discriminated under the ADA, and continue to discriminate,

against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and

full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or

accommodations at Defendants' Subject Facilities in derogation of 42 U.S.C. §12101, *et. seq.,* and

as prohibited by 42 U.S.C. §12182 *et. seq.,* and by failing to remove architectural barriers

pertaining to the Plaintiff's disability pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such

removal is readily achievable.

12.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal

safe access to, and the benefits of, all accommodations and services offered at Defendants' Subject

Facilities.  Prior to the filing of this lawsuit, the Plaintiff visited the subject properties and was

denied full and safe access to all the benefits, accommodations and services of the Defendants.

Prior to the filing of this lawsuit, Kessler, personally visited CHEAPSKATES TOBACCO located

at 9891 Aurora Avenue N., in Seattle, Washington, with the intention of accessing Defendants'

facilities, but was denied full and safe access to the facilities due to the inactions of removing

applicable barriers.    Plaintiff intends to return to the Defendants' premises and public

accommodation upon the premises being made ADA compliant for access, but is currently deterred

from returning due to these barriers.  As such, Plaintiff is likely to be subjected to reencountering

continuing discrimination at the premises unless it is made readily accessible to and usable by

individuals with disabilities to the extent required under the ADA, including the removal of the

architectural barrier which remain at the premises.

Complaint     Page | 4

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

13.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36. Defendants facilities do not comply with these Guidelines.

14.     The Defendants' premises are in violation of 42 U.S.C. §12182 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and has and is discriminating against the Plaintiff. The Plaintiff was deterred from encountering every non-compliant barrier at the premises due to the nature of encountering some barriers that denied the Plaintiff's full and equal enjoyment of the facility. Therefore, the Plaintiff encountered the following specific barriers to access that include but are not limited to the following, but also retains standing to allege non-compliance for any barrier not encountered by the Plaintiff at the premises related to the Plaintiff's specific disability requirements under *Doran v. 7-Eleven, Inc*., 524 F.3d 1034, 1047 (9th Cir. 2008):

## **VIOLATIONS**

15(a).  Failure to provide ADA compliant cross slope grading and ground surfaces at the subject property in violation of 2010 ADAS Section 502.4, 302.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant parking stall and/or access aisle surfaces and wheelchair accessible cross slope grading as slopes exceed 2% as Plaintiff utilizes a wheelchair for mobility. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(b).  Failure to provide ADA compliant number of accessible parking spaces, in violation of 2010 ADAS Section 208.2 and/or 1991 ADA Standards for Accessible Design. The premises failed to have any van accessible parking stalls to allow Plaintiff van accessible parking

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(c).   Failure to provide ADA compliant parking stall striping and markings, in violation of 2010 ADAS Section 502.3.3 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant parking stall striping and markings which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(d).   Failure to provide ADA compliant parking stall size, in violation of 2010 ADAS Section 502.2 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant parking stall and access aisle sizes as each parking space must be at least 11 feet wide and marked which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(e).   Failure to provide ADA compliant parking stall signage, in violation 2010 ADAS Section 502.6 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant parking stall signage as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(f).   Failure to provide ADA compliant access aisle striping and markings, in violation of 2010 ADAS Section 502.3.3 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant parking access aisle striping and markings by having dilapidated and in

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

need of repairs which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(g).   Failure to provide ADA compliant access aisle width clearance, in violation of 2010 ADAS Section 502.3.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant parking access aisle width clearance Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(h).   Failure to provide ADA compliant parking stall on the shortest accessible route to the building, in violation of 2010 ADAS Section 208.3.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have any van accessible parking stalls on the shortest accessible route to allow Plaintiff van accessible parking which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(i).   Failure to provide ADA compliant walking surface width clearances, in violation of 2010 ADAS Section 403.5.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant entrance door walking surface width clearances for wheelchair access as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

15(j).   Failure to provide ADA compliant entrance door threshold, in violation of 2010 ADAS Section 404.2.5 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant entrance door threshold as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(k).   Failure to provide ADA compliant floor mats, in violation of 2010 ADAS Section 302.2 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant, securely attached, floor mat at the entrance door landing as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(l).   Failure to provide ADA compliant counter height, in violation of 2010 ADAS Section 904.4.1 and 904.4.2 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant counter heights for wheelchair access as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(m).   Failure to provide ADA compliant counter clear floor space, in violation of 2010 ADAS Section 904.4.1 and 904.4.2 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant counter clear floor space for wheelchair access as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(n).   Failure to provide ADA compliant accessible merchandise reach range, throughout the subject facility, in violation of 2010 ADAS Section 308.1 and/or 1991 ADA Standards for

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

Accessible Design. The premises failed to have compliant accessible merchandise reach ranges for wheelchair access as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(o).   Failure to provide ADA compliant interior aisle width clearances, in violation of 2010 ADAS Section 403.5.1 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant interior aisle width clearances for wheelchair access as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(p).   Failure to provide ADA compliant restroom signage, in violation 2010 of ADAS Section 216.8 and/or 1991 ADA Standards for Accessible Design. The premises failed to have compliant restroom signage and directional signage for wheelchair access as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and this barrier removal is necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

15(q).   Failure to provide access to and use of ADA compliant restroom facilities, including, but not limited to, compliant restroom door, signage, hardware, the required restroom maneuverability clear floor space, toilet and lavatory clear floor spaces, entry door clear floor space, accessible grab bars, accessible dispenser heights, and mirror height, in violation of 2010 ADAS Section 213.2 and/or 1991 ADA Standards for Accessible Design. The premises contained multiple non-compliant features for wheelchair access as Plaintiff utilizes a wheelchair for

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

mobility. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

16.    The above-referenced barriers will likely cause a repeated real injury in fact in a similar way if not remedied when the Plaintiff frequents this property again as described previously. Each of these barriers interfered with the Plaintiff's full and equal enjoyment of the facility and deterred Plaintiff from encountering all applicable barriers at the premises by failing to allow Plaintiff the same access due to the Plaintiff's disability as those enjoy without disabilities.

17.    Upon information and belief, there are other current non-compliant barrier access violations of the ADA at Defendants' premises, which may only be discovered and properly identified once a full inspection of the premises is completed and identified due to Plaintiff being deterred from discovering each and every barrier as a result of encountering the above-listed violations.

18.    As of the date of the filing of this suit, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.  The barriers to access at the premises, as described above, have severely diminished Plaintiff's ability to avail Plaintiff of the goods and services offered at the Subject Facilities, and compromise Plaintiff's safety.

19.    Pursuant to the ADA, 42 U.S.C. §12101 *et. seq.,* and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992.  To date, the Defendants have failed to comply with this mandate.

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

20.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

21.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facility until the requisite modifications are completed.

### COUNT II: WASHINGTON LAW AGAINST DISCRIMINATION

22.     Plaintiff incorporates by reference all allegations in the paragraphs above.

23.     Plaintiff is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

24.     Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to . . . (b) the right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . ."

25.     Defendants have violated and continue to violate §§ 49.60.010 *et seq.,* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

26.     Defendants' actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington §§ 49.60.010 *et seq.*, in that persons with mobility disabilities have been and are denied full and equal

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

27.     As a direct and proximate result of Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, the Plaintiff has suffered and continues to suffer difficulty, hardship, isolation, and segregation and is denied the full and equal enjoyment of services that the Washington Law Against Discrimination requires due to Defendants' failure to remediate barriers.

28.     Defendants' property does not comply with the ADA's accessibility laws and regulations.

29.     Because Defendants' property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

30.     Pursuant to RCW § 49.60.030(2), Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendants, reasonable attorneys' fees and costs incurred in bringing this action.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and the Court declare that

A.     The subject premises and facilities violate Title III of the Americans with Disabilities Act and the Washington Law Against Discrimination;

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961

B.     The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     Any portions of the Defendants' premises identified as being non-compliant under the ADA guidelines be enjoined from being open to the public until such time that Defendants establish those areas are in full compliance with ADA requirements;

D.     The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

E.     The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

F.     The Court award such other and further relief as it deems necessary, just and proper.

DATED this 7 April 2021

Respectfully submitted,

/s/ Derek Butz
Derek Butz
WSBA #54240
Enabled Law Group
P.O. Box 18953
Spokane, Washington 99228
Telephone: 206-445-3961
Email: DB@Enabledlawgroup.com

Enabled Law Group
P.O. Box 18953
Spokane, WA 99228
(206) 445-3961